**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

SHOREMASTER, INC.,                    )
                                      )
                    Plaintiff,        )
                                      )
v.                                    )  No. 09-1099-CV-W-FJG
                                      )
HANSON MARINE PROPERTIES,             )
d/b/a Salty Sam's Marina              )
                    Defendant.        )

**ORDER**

Pending before the Court is defendant Hanson Marine Properties' (Hanson

Marine) Motion to Dismiss or, in the Alternative, to Transfer Venue (Doc. No. 7).

**I.    BACKGROUND**

This is a breach of contract action arising from a Sales Agreement, under which

Shoremaster, Inc. agreed to manufacture and install four docks for a total projected cost

of $1,00,000.00, at Salty Sam's Marina in Fort Myers Beach, Florida.

Plaintiff Shoremaster is a corporation organized under the laws of the state of

Minnesota.  Robert Harty, is currently, and at all times relevant to the dispute, a resident

of Florida.  Mr. Harty is a former employee of Shoremaster, and exclusively negotiated

the Sales Agreement on behalf of Shoremaster.  Defendant Hanson Marine is a

corporation organized under the laws of the state of Florida with its principal place of

business in Fort Myers, Florida.  Darrell Hanson, is currently, and at all times relevant to

the dispute, a resident of Florida.  Mr. Hanson is the owner and President of Hanson

Marine, and dealt exclusively with Mr. Harty in negotiating the purchase of docks from

Shoremaster for Salty Sam's Marina.

The Sales Agreement at issue contains two provisions relevant to the pending Motion. First, the Agreement contains a forum selection clause, which designates the laws of the State of Missouri as governing the contract and grants the federal and state courts in Missouri exclusive jurisdiction and venue for claims relating to the Agreement.[1] Next, the last paragraph of the Agreement states, "[t]his contract is not final until accepted by Seller's [Shoremaster] home office in Missouri."

The Agreement was negotiated and executed in Lee County, Florida on March 29, 2005. Throughout the contracting and execution phase of the Agreement, Shoremaster did not have a corporate office in Missouri. Instead, Shoremaster's home office and principal place of business was located in Fergus Falls, Minnesota.

Plaintiff filed suit in Jackson County Circuit Court on November 13, 2009, and defendant filed a Notice of Removal to this Court on December 31, 2009, based on diversity jurisdiction. Thereafter, defendant filed the instant Motion to Dismiss the Case or, in the Alternative, to Transfer Venue (Doc. No. 7). Defendant argues this Court should dismiss the action because the forum selection clause in the Agreement is not enforceable, and the Court does not have personal jurisdiction over Hanson Marine. Alternatively, defendant argues the Court should transfer this case to the United States District Court of the Middle District of Florida because it has the most significant relationship to the transaction in question.

---

[1]Paragraph 14 reads, "[t]he laws of the State of Missouri will govern the interpretation and enforcement of this Contract. Federal and State courts located in the State of Missouri will have exclusive jurisdiction and will be the exclusive venue for any claims relating to this Contract."

## II.    PERSONAL JURISDICTION

Under Federal Rule of Civil Procedure 12(b)(2), a party may request the court dismiss the action against it for lack of personal jurisdiction, and under Rule 12(b)(3) the action may be dismissed for improper venue.  When a defendant objects to personal jurisdiction, the burden shifts to the plaintiff to make a prima facie showing of jurisdiction.  Conway v. Royalite Plastics, 12 S.W.3d 314, 318 (Mo. 2000) (en banc).

Although it is generally necessary to satisfy the Missouri long-arm statute to obtain personal jurisdiction over a nonresident defendant, jurisdiction over the person may also be obtained by consent or by waiver.  Chase Third Century Leasing Co. Inc. v. Williams, 782 S.W.2d 408, 411 (Mo. App. 1989).  "Parties to a contract may agree in advance to submit to personal jurisdiction in a given court by means of a forum selection clause because personal jurisdiction is an individual right capable of being waived."  Id.  Thus, a plaintiff makes a prima facie showing of jurisdiction by producing evidence that the parties signed an agreement containing a forum selection clause placing litigation in Missouri state or federal courts.  Whelan Security Company, Inc. v. Allen, 26 S.W.3d 592, 595 (Mo. App. 2000).  If such a showing is made, plaintiff does not have to proceed with the due process, i.e. minimum contacts, analysis.  See id.

It remains unsettled whether state or federal common law applies to determine the enforceability of a forum selection clause in the Eighth Circuit.  Servewell Plumbing, LLC v. Federal Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006) (adopting the Bremen test as part of common law); High Life Sales Co. v. Brown-Forman Corp., 823 S.W.2d 493, 496-7 Mo. 1992 (overturning prior Missouri cases to adopt Bremen test).  Under M/S Bremen v. Zapata Offshore Co., "forum selection clauses are prima facie valid and are

enforced unless they are unjust or unreasonable or invalid." <u>Servewell</u>, 439 F.3d at 789;

<u>see</u> <u>also</u> <u>Whelan</u>, 26 S.W.3d at 595 ("We enforce a forum selection clause unless the

party seeking to avoid its application sustains a 'heavy burden' to show that the clause

is unfair or unreasonable.").  If, however, the party challenging its consent or waiver

makes a sufficient showing that the forum selection clause does not apply, the court

proceeds to determine whether personal jurisdiction over the party comports with due

process.

## IV.    DISCUSSION

Defendant moves to dismiss the case on the grounds that the forum selection

clause is unenforceable and the Court does not have personal jurisdiction over

defendant.  The Court first considers defendant's argument that the forum selection

clause is invalid because the parties did not negotiate the provision, and that the

precondition for the existence of a binding contract did not occur as per the terms of the

Agreement.

Defendant argues the forum selection clause is invalid because it is not a

bargained-for provision of the contract.  Mr. Harty and Mr. Hanson state in their

affidavits that they never discussed or negotiated the forum selection clause.[2]

Defendant explains the forum selection clause "was likely the by-product of mutual

mistake wherein both parties simply missed that the Agreement contained in it

boilerplate sections legacy language that was a relic of the time when Plaintiff may have

---

[2]Since this is a personal jurisdiction dispute, the Court is permitted to consider
affidavits that bear on jurisdictional factors.  <u>See</u> <u>Miller v. Nippon Carbon Co., Ltd</u>, 528
F.3d 1087, 1090 (8th Cir. 2008).

maintained a 'home office' in Missouri." (Doc. No. 8). Accordingly, defendant argues

the mutual mistake constitutes a "compelling and countervailing reason[]" that excuses

the enforcement of the forum selection clause under Bremen because it was not freely

negotiated.

Defendant claims the forum selection clause is also unenforceable because the

precondition for existence of a binding contract did not occur. Relying on the final

provision of the Agreement, which states, "[t]his contract is not final until accepted by

Seller's [Shoremaster] home office in Missouri" defendant argues the contract was

"never finalized" because Shoremaster did not have an office in Missouri at the time of

the Agreement. Instead, the parties executed the Agreement in Florida, and Mr. Harty

sent the Agreement to the Shoremaster corporate offices in Minnesota. Thus, the

contract is not binding because it was never accepted by Shoremaster's office in

Missouri.

Plaintiff counters that the Sales Agreement was fully executed by the parties, and

the forum selection clause included therein is valid and enforceable. Plaintiff argues

inattentiveness by the contracting parties does not excuse enforcement of the provision,

and the fact that the individual clause was not negotiated does not render the clause per

se unenforceable under Missouri law.

In light of defendant's challenge to the validity of the forum selection clause, the

Court first determines whether the clause is enforceable. "To be enforceable, the

clause must have been obtained through freely negotiated agreements absent fraud

and overreaching and its enforcement must not be unreasonable and unjust." Whelan,

26 S.W.3d at 596 (citing Chase Third Century, 782 S.W.2d at 411). It is worth

emphasizing that under Bremen, only "some compelling and countervailing reason" will excuse enforcement of a bargained-for selection clause." Id. at 12.

The Court rejects defendant's argument that the mutual mistake of the parties makes the forum selection clause unenforceable. It is settled law in Missouri that, "a mutual mistake occurs when both parties, at the time of contracting, share a misconception about a basic assumption or vital fact upon which they based their bargain." Thirty and 141, L.P. v. Lowe's Home Center's, Inc., 585 F.3d 443 (8th Cir. 2009) (citing Alea London Ltd. v. Bono-Soltysiak Enters., 186 S.W.3d 403, 415 (Mo. App. 2006)). Here, it is clear the forum selection clause was not a "basic assumption or vital fact" upon which the parties based their Sales Agreement, as both Mr. Hanson and Mr. Harty claim they were not aware of the forum selection clause.[3] The mere fact that the forum selection clause was not negotiated reflects a want of thoroughness on behalf of the contracting parties, but it does not render the clause per se unenforceable when included as part of an overall enforceable agreement. See M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F.3d 585, 593 (8th Cir. 1999) ("The fact that the contract was a form contract and that the individual clauses were not actually negotiated does not render the clause per se unenforceable.")

_____

[3]Mr. Harty states, "At the time of making the contract, I did not notice the provisions therein regarding Shoremaster, Inc's purported office in Missouri . . . nor were there any discussions or negotiations between me and any representative of Hanson Marine Properties, Inc. Regarding the venue selection clause placing venue in Missouri or the return of the contract to any office in Missouri." (Doc. No. 8-1). Similarly, Mr. Hanson stated, "During our negotiations, Robert Harty never discussed with me or negotiated with me the venue selection clause which appears in the contract. Nor was I aware of any office of Shoremaster, Inc. in Missouri, as . . . Mr. Harty informed me that Shoremaster, Inc.'s offices were located in Minnesota." (Doc. No. 8-2).

Next, the Court considers defendant's argument that the contract is unenforceable because it was not accepted by Shoremaster in Missouri, as required by the Agreement. The Court disagrees, and finds the contract is enforceable.[4] The Court finds that substantial compliance with the Agreement has occurred, which makes the contract binding and enforceable. "Under Missouri law, strict compliance with terms of the contract is not required and substantial compliance must be accepted." Gundaker v. Templer, 560 S.W.2d 306, 309 (Mo. App. 1977); 17 C.J.S. Contracts § 589 (2009) ("The doctrine of substantial performance . . . excuses contractual deviations or deficiencies which do not severely impair the purpose underlying a contractual provision.").

Here, Mr. Hanson and Mr. Harty executed the Sales Agreement on behalf of their respective companies on March 29, 2009, while in Florida. Mr. Harty sent the Agreement to Shoremaster offices in Minnesota, and the parties proceeded with their mutual obligations under the contract. Substantial completion occurred in April of 2006, upon completion of the dock fabrication and installation process, and Hanson Marine paid monetary consideration for performance of the Agreement. Plaintiff's breach of contract claim is based on Hanson Marine's alleged non-payment for Shoremaster's performance of the contract. Thus, the only deficiency is that the executed Agreement was sent to Shoremaster's office in Minnesota, rather than Missouri as required in the Agreement. However, as defendant explains, the provision requiring delivery in Missouri was outdated because Shoremaster no longer had offices in Missouri at the

---

[4]The Court makes no determination on the merits of the dispute, only that the parties' actions as reflected in the Record indicate they each substantially performed their mutual obligations under the Agreement so as to give rise to an enforceable contract.

time of the Agreement; thus, compliance with this provision would have been futile.

Finally, the Court adds there is no indication of fraud, overreaching or a strong Missouri interest that would render the forum selection clause, or the contract, unenforceable under applicable law.  <u>See</u> <u>High Life Sales v. Brown-Forman</u>, 823 S.W.2d 493, 496 (Mo. 1992) (en banc) (rendering outbound forum selection clause unenforceable because Missouri had a strong interest in construing and applying Missouri liquor control legislation in Missouri courts).

Based on the foregoing, the Court finds the Agreement, and the forum selection clause therein, is valid and enforceable as between the parties.  The forum selection clause constitutes valid consent and waiver to personal jurisdiction over the defendants, thus, the Court need not proceed to due process considerations.

## III.    TRANSFER

Defendant alternatively argues that the interests of justice and the convenience of the parties and witnesses warrants transfer of the case to the Middle District of Florida.  Plaintiff opposes the transfer on the grounds that defendant is able to competently and ably participate in the litigation in the current venue, as demonstrated by the hiring of local counsel and removing the case from state to federal court.  Plaintiff further argues that any inconvenience to defendant does not overcome the heavy burden required to defeat a forum selection clause.

If personal jurisdiction exists, a district court may transfer the action to another forum pursuant to 28 U.S.C. §1404(a), which provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In <u>Terra International v. Mississippi Chemical Corp.</u>, the Eighth Circuit explained how to apply the statutory language of 28 U.S.C. §1404(a). "The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." 19 F.3d 688, 691 (8th Cir. 1997). The court emphasized that a district court should conduct an individualized inquiry of whether to transfer the case that is not limited to the enumerated factors. <u>See id.</u>

Although there is no exhaustive list for courts to consider, "a valid and applicable forum selection clause in a contract is 'a significant factor that figures centrally in the district court's calculus.'" <u>Id.</u> at 691 (citing <u>Stewart Org., Inc. V. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988)).

### A.    Balance of Convenience

 The Court considers the convenience of the parties and witnesses as one component of its evaluation of whether to transfer the case.

Here, plaintiff is familiar with Florida, as it transacts business, and maintains sales representatives and offices in Florida. The Court notes, however, that Shoremaster's corporate offices, and potential witnesses and records, are located in Minnesota. Mr. Harty, an instrumental witness in this case, as he exclusively negotiated the Agreement on Shoremaster's behalf, resides in Florida. Defendant Hanson Marine is located in Florida, and defendant's business records are in Florida. As well, the conduct that gave rise to the action- the manufacture and installation of docks at Salty Sam's Marina- also occurred in Florida. Finally, the Sales Agreement was negotiated, executed and performed in Florida. The Court finds none of the considerations

pertaining to the convenience of the parties and witnesses favor the current forum of Missouri.

**B.      Interests of Justice**

The interests of justice are considered in such factors as judicial economy, the plaintiff's choice of forum, each party's ability to enforce a judgment and any obstacles to a fair trial. Terra Int'l Inc., 119 F.3d at 696.

Pursuant to the forum selection clause in the Agreement, Shoremaster chose to file its cause of action in Missouri. Yet, plaintiff did not consciously designate Missouri as the forum, as acknowledged by Mr. Harty, who exclusively negotiated and executed the Agreement. In addition, the Court agrees with defendant that judicial resources are preserved by having a Florida court consider a contract dispute involving a transaction and property located in Florida. Any determination on the merits in Missouri that impacts the docks at issue would potentially require a second damages and/or enforcement proceeding in Florida where the docks are located. In addition, it will simply be a more costly litigation for both parties if this Court retains jurisdiction. Neither of the parties maintain offices in Missouri, much less witnesses, business records and other pertinent evidence. Finally, as discussed, the State of Missouri has no countervailing interest to maintaining the lawsuit in this forum.

The Court recognizes a forum selection clause is "a significant factor that figures centrally" in this Court's calculus. Yet, while the forum selection clause is valid for purposes of personal jurisdiction, the inadvertent designation of Missouri as a forum weighs heavily in favor of transferring the case to Florida, where the convenience of the parties and witnesses, and the interests of justice are best served.

10

**IV. CONCLUSION**

For the foregoing reasons, the Court hereby **GRANTS IN PART** Defendant

Hanson Marine's Motion to Dismiss or, in the Alternative, to Transfer Venue (Doc. No.

7). The Court declines to dismiss the action, and transfers this case to the United

States District Court for the Middle District of Florida for all further proceedings.


**IT IS SO ORDERED.**

Date:  05/03/10                           **/S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                     Fernando J. Gaitan, Jr.
                                          Chief United States District Judge